UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04 10838 GAO**

MICHAEL J. DWYER )
    Plaintiff, )
) MAGISTRATE JUDGE Bowler
v. ) C.A. No.
)
COUNTY OF SUFFOLK )
    Defendant, )
)

RECEIPT # 55555
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. T.O.M
DATE 4-27-04

## NOTICE OF REMOVAL

The Defendant-Petitioner County of Suffolk, petitions pursuant to 28 U.S.C. § 1441 for removal from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts the action entitled *Michael J. Dwyer v. County of Suffolk*, pending in Suffolk County as Civil Action No. 04-0956.

1. This action involves allegations that the Defendant deprived the Plaintiff of his constitutional rights and was brought pursuant to 42 U.S.C. §1983.

2. This action is subject to removal by the Defendant-Petitioner by virtue of the provisions of 28 U.S.C. §1441.

3. This petition for removal is filed within thirty days of receipt of the Summons and Complaint, copies of which are attached hereto.

Wherefore, the Defendant- Petitioner, Suffolk County, petitions that this action be removed.

Respectfully submitted,
DEFENDANT
COUNTY OF SUFFOLK,
By its attorney,

_____
Ellen M. Caulo

BBO #545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6681

CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true copy of the foregoing papers upon Plaintiff's attorney, Robert H. Tobin, Jr., 735 South Street, Roslindale, MA 02131, by first class mail on April 26, 2004.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF APRIL, 2004.

_____
Ellen M. Caulo

# Commonwealth of Massachusetts

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION



No. 04-0956-F

Michael J. Dwyer , Plaintiff(s)

v.

County of Suffolk , Defendant(s)

## SUMMONS

To the above-named Defendant:  County of Suffolk

You are hereby summoned and required to serve upon  Robert H. Tobin, Jr.

plaintiff's attorney, whose address is 735 South St., Roslindale, MA 02131 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ___19th___ day of ___March___, in the year of our Lord two thousand ___four___.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPERIOR COURT
                                              CIVIL NO. 2004-00956-1

```
                              )
MICHAEL J. DWYER,             )
        Plaintiff             )    COMPLAINT
                              )
    VS.                       )
                              )
COUNTY OF SUFFOLK,            )
        Defendant             )
                              )
```

COUNT I- TORT FOR NEGLIGENCE PURSUANT TO MGL C. 258 S.1, ET SEQ.

Now comes the Plaintiff Michael J. Dwyer, and allege that:

1. The plaintiff Michael J. Dwyer is an individual resident of Scituate, County of Plymouth, in said Commonwealth.

2. The Defendant County of Suffolk is a county in the Commonwealth of Massachusetts and is and was at all times material hereto a public employer.

4. On or about January 17, 2003 the defendant had custody of the plaintiff, who at that time was incarcerated pursuant to a court order, at a facility operated by the defendant located at Boston, Massachusetts.

5. On or about January 17, 2003, the defendant, through its employees, did undertake to care for the plaintiff and was responsible for the care of the plaintiff while the said plaintiff was in the custody of the defendant.

6. The said Defendant, through its agent(s) or employee(s)

1

owed a duty to the said Plaintiff, as a person under the custody of the defendant, to exercise reasonable care so as to prevent injury to the plaintiff.

7. On or about January 17, 2003, the defendant required the plaintiff to sleep on a bunk bed located above the floor of his assigned cell, without providing the plaintiff with a ladder or other safe means to ascend to and descend from said bed; and without instructing the plaintiff in a safe manner of ascending to and descending from said bed.

8. The said Defendant thus breached its said duty referred to in paragraph 6 above.

9. On or about January 17, 2003, while in the exercise of due care, the said Plaintiff while descending from the said bed, fell and was injured due to the negligent act(s) or omission(s) of the Defendant, through its agent(s) or employee(s).

10. As a proximate and actual result thereof, the said Plaintiff was seriously injured, suffered great pain of body and mind and was forced to incur medical expense for medical care occasioned thereby.

11. Pursuant to the requirements of MGL Ch.258, written notice of the plaintiff's claims, a copy of which is annexed hereto and marked "A", was served on the Suffolk County Commissioners within two years after the date upon which the causes of action arose. Such claims have been finally denied by such executive officer and

2

public employer, who failed to deny such claims in writing within six months after the date upon which it was presented, or reach final arbitration, settlement, or compromise of said claims.

Wherefore the said Plaintiff demands a money judgment against said Defendant, plus costs.

### COUNT II- CAUSE OF ACTION PURSUANT TO 42 USC S. 1983 VS. DEFENDANT- MUNICIPAL LIABILITY

Now comes the Plaintiff and realleges and incorporates by reference herein the allegations contained in paragraphs one through eleven of the first count of this complaint and further allege as follows:

12. On or about January 17, 2003 and prior thereto, the defendant, through its employees, was aware that inmate(s) in its custody had been injured by falling while ascending to and/or descending from bunk bed(s) located off of the floor of its cells.

13. On or about January 17, 2003, the defendant had custody of the plaintiff, who at that time was incarcerated pursuant to a court order, at a facility operated by the defendant located at Boston, Massachusetts.

14. The defendant, through its sheriff or County Commissioners or other employee(s) with final decision making authority, maintained policies or customs of deliberate indifference to the Constitutional rights of inmates such as the plaintiff, which caused the deprivation of the plaintiff's State and Federal Constitutional rights.

Wherefore the Plaintiff requests that this Court:

a. Award compensatory damages against the defendant County of Suffolk;

b. Award the costs of this action, including reasonable attorney's fees to the plaintiff in accordance with 42 U.S.C. S.1988;

c. Award the plaintiff prejudgment interest; and

d. Award such other and further relief as this Court may deem necessary and appropriate.

Plaintiff claims trial by jury on all counts.

By his attorney,

ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, PC
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
BBO No. 499425

Dated: 2/17/04

4